IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSEPHINE WASHINGTON, et al.,    ) | |
| ) | |
| Plaintiff - Appellants,    ) | |
| ) | |
| v.    ) | No. 11-01278-CV-FJG |
| ) | |
| DEUTSCHE BANK NATIONAL    ) | |
| TRUST COMPANY, AS TRUSTEE    ) | |
| FOR ARGENT SECURITIES INC.,    ) | |
| ASSET-BACKED PASS    ) | |
| THROUGH CERTIFICATES,    ) | |
| SERIES 2006-W3,    ) | |
| ) | |
| Defendant – Appellee.    ) | |

**ORDER**

Currently pending before the Court is Appellants' bankruptcy apeal (Doc. No. 1).

**I.    BACKGROUND**

**A.)    Loan Origination**

On January 13, 2006, Chester Parks, Jr. and Josephine Washington borrowed $200,000.00 from Argent Mortgage Company, LLC, and executed a thirty-year fixed rate note ("Note") payable to Argent. To secure payment of the Note, Parks and Washington executed a Deed of Trust in favor of Argent ("Deed of Trust"), which granted a security interest in real property ("Loan") commonly known as 1301 Sawgrass Drive, Grain Valley, Missouri 64029 ("Property"). The Deed of Trust was recorded with the Jackson County, Missouri Recorder of Deeds on January 20, 2006. (Doc. No. 10 & 11).

**B.)    Transfer of Note and Deed of Trust**

On or about January 19, 2006, Argent endorsed the Note in blank without recourse and on January 20, 2006 executed an Assignment of Deed of Trust in blank. Arguably, possession of

both these documents, as well as, a conformed copy of the original Deed of Trust was transferred to Deutsche Bank ("First Deutsche Bank Assignment").[1] The Letter of Transmittal identified Parks and Washington as the borrowers. (Doc. No. 10 & 11).

The Loan is among hundreds of loans included in the Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-W3 pool of assets ("Trust"). Certificates in the Trust are issued pursuant to a Pooling and Servicing Agreement ("PSA") dated March 1, 2006, among Argent Securities, Inc., as Depositor, Ameriquest, as Special Master, and Deutsche Bank, as Trustee. (Doc. No. 10 & 11).

On April 4, 2007, Argent assigned the Deed of Trust and Note to Deutsche Bank without recourse ("Deutsche Bank Assignment"). The Deutsche Bank Assignment was recorded with the Jackson County, Missouri Recorder of Deeds on April 18, 2007. On February 11, 2009, Argent again assigned the Deed of Trust and Note to Deutsche Bank ("Second Deutsche Bank Assignment").[2] The Second Deutsche Bank Assignment was recorded with the Jackson County, Missouri Recorder of Deeds on February 17, 2009. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

### C.) Transfer of Servicing of Loan

Argent transferred the right to service the Loan, including the right to collect payments, to AMC Mortgage Services, Inc. ("AMC"), effective January 19, 2006. On September 14, 2007, AMC transferred the right to service the Loan, including the right to collect payments, to Citi Residential Lending Inc. ("Citi"), effective October 1, 2007. On January 23, 2009, Citi transferred the right to service the Loan, including the right to collect payments, to American

---

[1] One of Appellant's arguments on appeal is that the Note was never physically delivered to Deutsche (Doc. No. 10). As such, Deutsche never obtained possession of the Note (Doc. No. 10).
[2] No explanation has been given for the second, redundant assignment.

Home Mortgage Servicing, Inc. ("AHMSI") effective February 11, 2009. AHMSI is the current servicer of the Loan. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

Washington and Parks are in default of their obligations under the Note and Deed of Trust for failure to make payments of principal and interest when such payments became due. As of June 7, 2011, Washington and Parks were approximately $51,000.00 delinquent in Loan payments, plus AHMSI/Deutsche Bank had advanced approximately $21,000.00 for taxes and insurance on the property. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

### D.) Washington's Chapter 13 Bankruptcy Filings

On April 20, 2007, Washington filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Missouri, case number 07-41282 ("2007 Bankruptcy"). On February 19, 2008, Deutsche Bank, through its prior loan servicer, Citi, filed a Motion for Relief from Automatic Stay and Relief from the Co-Debtor Stay. Citi, on behalf of Deutsche Bank, asserted that it was the holder of the secured claim based on the Note and Deed of Trust; that Washington had failed to make post-petition payments in accordance with her Chapter 13 plan; and Citi requested relief from the automatic stay and co-debtor stay to foreclose the Deed of Trust ("First Stay Relief Motion"). On March 5, 2008, Washington filed an answer to the First Stay Relief Motion. Neither Parks nor the Trustee filed an answer or response, although both were served with the First Stay Relief Motion. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

On April 21, 2008, the Court held a hearing on the First Stay Relief Motion. On April 22, 2008, the Court entered a Consent Order and Stipulation in Settlement of Motion for Relief entered into between Washington and Citi to settle the First Stay Relief Motion. Washington consented to Citi obtaining relief from the stay if she failed to comply with its terms.

Nonetheless, Washington failed to meet her obligations under the Consent Order and after 10 days' notice of her default, on June 10, 2008, the Court entered an Order Granting Relief After Default of Settlement Order ("First Stay Relief Order"). In the First Stay Relief Order, the Court found "Movant has a security interest in the [Property]" and terminated the automatic stay to permit "Movant to foreclose its security interest in the [Property] and to pursue its remedies in accordance with the security agreement and state law." The First Stay Relief Order was not appealed. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

Ultimately, the 2007 Bankruptcy was dismissed on February 8, 2010, due to Washington's failure to file a confirmable plan. Deutsche Bank did not foreclose on the Property after the entry of the First Stay Relief Order, though, because Washington and Parks pursued a loan modification. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

On February 11, 2010, Washington filed her second Chapter 13 bankruptcy petition, case number 10-40531 ("2010 Bankruptcy"). On March 17, 2011, the Court dismissed the 2010 Bankruptcy on the Trustee's Motion to Dismiss based on a default in plan payments. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

On March 24, 2011, Washington filed her third, and current, Chapter 13 bankruptcy petition, case number 11-4128 ("2011 Bankruptcy"). On April 5, 2011, Deutsche Bank filed a Motion to Dismiss, or in the Alternative, for Relief from the Automatic Stay and Relief from Co-Debtor Stay ("Second Stay Relief Motion"). Washington, Parks, and the Trustee were properly served with the Second Stay Relief Motion. On April 11, 2011, the Court held a hearing on the Second Stay Relief Motion. On April 13, 2011, the Court entered an Order ("Second Stay Relief Order") in which the Court found that "Movant has a security interest in the [Property]," and that "there exists a delinquency in mortgage payments and fees/costs." Nonetheless, the Court

conditioned Deutsche Bank's entitlement to foreclosure on Washington's default in plan payments. The Second Stay Relief Order was not appealed. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

**E.)    Adversary Proceeding**

On April 21, 2011, Plaintiffs filed a complaint in the United States Bankruptcy Court for the Western District of Missouri ("Bankruptcy Court") against Deutsche Bank alleging three counts: (1) Determination of Secured Status; (2) Remove Cloud From Title; and (3) Violation of the Automatic Stay. The crux of the first and second counts is that Deutsche Bank does not have a perfected secured claim in the Property, cannot enforce the Note, and lacks standing to foreclose the Deed of Trust because the Note was not "executed, indorsed, transferred, assigned, or delivered" in accordance with the PSA. Plaintiffs therefore request that the Court find that the Deed of Trust is either void or satisfied and order that it be stricken from the land records. In the third count, Plaintiffs allege that Deutsche Bank's efforts to collect the underlying debt are a prior and continuing violation of the automatic stay", and seek an award of actual damages, punitive damages, reasonable attorney's fees and costs for the alleged stay violation. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

On June 21, 2011, Deutsche Bank filed a Motion for Summary Judgment. On December 1, 2011, the Bankruptcy Court ruled that Deutsche Bank was entitled to summary judgment on all counts of Plaintiffs' complaint. Specifically, the Court found that Counts I and II of Plaintiffs' complaint are barred by res judicata, collateral estoppel, and law of the case doctrine. The Court further found that Plaintiffs' claims in the complaint of violation of the PSA were not only irrelevant to Deutsche Bank's standing to enforce the Note, but that Plaintiffs lacked standing to seek relief for violations of the PSA. The Court disposed of Count III of Plaintiffs'

complaint finding that the complaint failed to specifically identify the conduct Plaintiffs allege violated the automatic stay. (Doc. No. 10, 11, & Case No. 11-04114 Doc. No. 34).

On December 9, 2011, Washington and Parks appealed the Bankruptcy Court's decision to the Eighth Circuit Bankruptcy Appellate Panel. On December 22, 2011, Deutsche Bank filed its election to have the appeal heard by this Court. (Doc. No. 11).

## II. STANDARD OF REVIEW

The district court is bound by the bankruptcy court's findings of fact unless they are clearly erroneous. In re Leser, 939 F.2d 669, 671 (8th Cir. 1991). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed". MNC Commercial Corp. v. Rouse, No. 91-0615, 1992 WL 674733, *1 (W.D.Mo. Dec. 15, 992) (quoting Adams v. Zentz, No. 91-1792, 1992 WL 85141 (8th Cir. April 30, 1992)). However, where the issue involves an underlying question of law, the district court may conduct a de novo review of the record. Id. In the present case, there are no disputed issues of fact. Therefore, the Court will review this appeal de novo.

## III. DISCUSSION

Appellants filed the present bankruptcy appeal alleging the Bankruptcy Court erred by: (1) holding that Counts I and II of Plaintiffs' adversary complaint are barred by res judicata, collateral estoppel, and the law of the case doctrine; (2) holding that Deutsche Bank has standing to enforce the Note and Deed of Trust because Deutsche Bank violated the terms of the PSA by not acquiring proper ownership of the Note prior to the Cut-Off Date and thus, had no security interest in the Property; (3) holding that the Note, in this case, is a negotiable instrument pursuant to Article 3 of the Uniform Commercial Code ("UCC") – Article 9 is applicable; and

(4) relying on inadmissible evidence to grant summary judgment to Deutsche Bank. (Doc. No. 10).

Appellee argues the following: (1) The Bankruptcy Court held that it has previously "entered two orders – one with Washington's consent – finding that Deutsche Bank has a valid security interest in the property. Those orders are final and binding on Appellants. The present suit by the Appellants challenging the validity of Deutsche Bank's security interest constitutes an impermissible collateral attack on those orders – under multiple preclusion doctrines." As such, the Bankruptcy Court correctly ruled that the law of the case doctrine, res judicata, and collateral estoppel bars Counts I and II of Appellant's Complaint; (2) Deutsche Bank's alleged non-compliance with provisions of the PSA does not impact Deutsche Bank's rights to enforce the Note. Several courts have held that a holder's rights are determined by the applicable provisions of the UCC enacted in each state and cannot be overruled by provisions contained in documents governing the securitized trust, such as the PSA. As such, under the UCC, a direct transfer of the Note from the Maker to the Trustee of the PSA, in potential violation of the PSA, does not alter Deutsche's Bank's right as a holder entitled to enforce the Note. In addition, Appellants lack standing to enforce any provision of the PSA as they are not parties or intended third-party beneficiaries to the PSA; (3) Article 3 determines whether a party is entitled to enforce a particular note. Deutsche Bank's right to enforce the Note is not affected by whether the Note is an asset of a securitized trust and is not necessarily affected by the determination of who owns the Note. Since Deutsche Bank has already established that it is a person entitled to enforce the Note under Article 3, as it is the holder in possession of the Note endorsed in blank, it is not necessary to establish the ownership of the Note under Article 9; and (4) The evidence submitted in support of Deutsche Bank's Motion is admissible under the business records doctrine, self-

authentication doctrine, and hearsay exceptions. Judicial notice on other items of evidence was proper. (Doc. No. 11).

A claim is barred from reassertion by the doctrine of res judicata. Res judicata is normally an affirmative defense that must be raised in a party's answer. In re: Ginter, 349 B.R. 193, 197 (B.A.P. 8th Cir. 2006). A court must consider three elements to determine whether res judicata will bar a party from asserting a claim: 1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases. Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 977 (8th Cir. 2001). If the three elements are met, the parties are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Id. (quoting C.I.R. v. Sunnen, 333 U.S. 591, 597 (1948)). In other words, res judicata is determined by the facts presented, not the legal violations alleged. Lane v. Peterson, 899 F.2d 737, 744). Where Plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by Defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative fact as the prior claim. Id. Therefore, res judicata applies to any grounds that actually were or could have been raised in the prior action. Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982).

In this case, the elements of res judicata are met. First, Deutsche Bank asserted the affirmative defense of res judicata in its Amended Answer.[3] Second, the prior judgments were entered by a court of competent jurisdiction – the United States Bankruptcy Court for the Western District of Missouri. Third, the First Stay Relief Order and Second Stay Relief Order, which are prior decisions of the Bankruptcy Court granting relief to Deutsche Bank from the

---

[3] Adversary Proceeding No. 11-04114, Doc. No. 17.

automatic stay because the Court determined Deutsche Bank had a valid security interest in the Property and was entitled to foreclosure, are final judgments on the merits. In re: Montgomery, 262 B.R. 772, 773 (B.A.P. 2001) (stating that "[a] bankruptcy court's order granting relief from the automatic stay is a final order, appealable of right"). Finally, the stay relief orders and this case arise under the same cause of action and involve the same parties or their privies. Although Appellants contend the central issues raised by debtors' complaint, including the application of the UCC to Deutsche Bank's right to enforce the Note, Deutsche Bank's lack of compliance with its own PSA, and Deutsche Bank's satisfaction of Article 9's requirements for enforcing the Note through foreclosure, were never raised, mentioned or discussed in any way in the litigation relating to the stay relief motions, this is irrelevant. These claims still arise under the same nucleus of operative facts and thus, could have been raised in the prior actions. This is especially true, in this case, where hearings were held on both stay relief orders. Accordingly, res judicata bars Appellants from re-litigating this claim.

## IV. CONCLUSION

For the reasons stated above, the decision of the Bankruptcy Court is **AFFIRMED**.[4]

**IT IS SO ORDERED.**


Date: 09/28/12
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

---

[4] Appellants request oral argument, in this case, be scheduled (Doc. No. 12). The Court does not find that oral argument is necessary. As such, Appellants request is **DENIED**.